IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01234-PAB

RICKY WEEKS,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

---

**ORDER**

---

This matter is before the Court on plaintiff Ricky Weeks' complaint [Docket No. 1] filed on May 10, 2013.  Plaintiff seeks review of the final decision of defendant Carolyn W. Colvin (the "Commissioner") denying plaintiff's claim for supplemental security income under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-33 and 1381-83c.[1]  The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

**I. BACKGROUND**

On May 21, 2008, plaintiff applied for disability benefits under Titles II and XVI of the Act.  R. at 10.  Plaintiff alleged that he had been disabled since March 1, 2008, *id.*, but later amended that onset date to October 1, 2008.  *Id.* at 21.  After an initial administrative denial of his claim, plaintiff appeared at a hearing before an

---

[1]The Court has determined that it can resolve the issues presented in this matter without the need for oral argument.

Administrative Law Judge ("ALJ") on March 25, 2010. *Id.* at 10. On May 17, 2010, the ALJ issued a decision denying plaintiff's claim. *Id.* at 17. On January 12, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's denial. R. at 1. Plaintiff then brought suit in federal court. *See* Case No. 12-cv-00644-JLK. On August 29, 2012, the Commissioner moved to remand the case pursuant to sentence four of 42 U.S.C. § 405(g). *Id.* (Docket No. 16). The court granted the Commissioner's motion. *Id.* (Docket No. 17).

On February 24, 2012, plaintiff filed a second application for disability benefits under Titles II and XVI of the Act. R. at 319. On July 31, 2012, the State Agency issued a favorable decision finding that plaintiff was disabled beginning November 1, 2011. *Id.* On November 16, 2012, the Appeals Council upheld the favorable determination as of November 1, 2011, but vacated the ALJ's May 17, 2010 order with instructions to review the period prior to November 1, 2011. *Id.* at 319-321.

On March 8, 2013, plaintiff appeared at a second hearing before the ALJ. R. at 248. The ALJ found that plaintiff had the severe impairments of degenerative disc disease of the lumbar spine, left hip osteoarthritis, and Langer Giedion syndrome. *Id.* at 251. The ALJ found that these impairments, alone or in combination, did not meet one of the regulations' listed impairments, *id.* at 251-52, and ruled that plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following additional limitations: the claimant would require the opportunity to alternate between sitting and standing as needed throughout the workday; the claimant could occasionally bend, squat, and/or kneel; he could never climb ladders or scaffolds; he could occasionally operate foot or leg controls; he could not be exposed to

      unprotected heights.

*Id.* at 252. Based upon this RFC and in reliance on the testimony of a vocational expert ("VE"), the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that plaintiff could have performed. *Id.* at 256. Pursuant to 20 C.F.R. §§ 404.984(a) and 416.1484, the ALJ's decision is the final decision of the Commissioner.

## II. ANALYSIS

### A. Standard of Review

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *See Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). The district court may not reverse an ALJ simply because the court may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in her decision. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The district court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's

findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. Nevertheless, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### B.  The Five-Step Evaluation Process

To qualify for disability benefits, a claimant must have a medically determinable physical or mental impairment expected to result in death or last for a continuous period of twelve months that prevents the claimant from performing any substantial gainful work that exists in the national economy. 42 U.S.C. § 423(d)(1)-(2). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A) (2006). The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in

the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health and Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart,* 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert,* 482 U.S. 137, 146 n. 5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts." *Hill v. Sullivan,* 924 F.2d 972, 974 (10th Cir. 1991).

### C.  The ALJ's Decision

Plaintiff argues that the ALJ erred in (1) failing to give controlling weight to the opinions of plaintiff's treating physicians; (2) concluding that plaintiff was capable of performing light work; (3) concluding that plaintiff's testimony as to the severity of his symptoms was not credible; and (4) concluding that plaintiff's impairments did not meet a medical listing.  Docket No. 16.

The relevant evidence of record is as follows. Plaintiff was born on October 14, 1958, and turned 50 shortly after his amended onset date of October 1, 2008. R. at 325. Plaintiff completed the eleventh grade in 1977, but did not finish high school. *Id.* at 125. Plaintiff has performed a number of different jobs, including dishwasher,

equipment service, farm laborer, general laborer/pipe repair, janitor, ranch hand, road maintenance operator, farmer, oil rig supervisor, temporary laborer, and truck driver. *Id.* at 121. In his first order finding plaintiff not disabled, the ALJ held that plaintiff's past relevant work was unskilled. *Id.* at 16.

Plaintiff alleged he was disabled due to an on-the-job injury that occurred in 2007. R. at 120. Plaintiff underwent a microdiskectomy and foraminotomy in January 2007. *Id.* at 158. According to Dr. Joshua Beck, plaintiff did "very well" following his surgery until about August 2007, when he developed hip and groin pain. *Id.* Plaintiff had "5/5 strength in all muscle groups" but experienced hip pain with rotation. *Id.*

On April 14, 2009, plaintiff began treatment at Southern Colorado Family Medicine. R. at 233. Plaintiff told the treaters there that he had "not had a regular doctor in several years." *Id.* Plaintiff reported that since his injury in 2007 he "has had a lot of trouble" and that he took Tylenol and ibuprofen for pain. *Id.* Plaintiff's treater, Dolinda Gibson, ordered an x-ray, which showed "[a]dvanced degenerative changes" in his left hip, *id.* at 188, and an MRI, which showed "moderately severe spinal stenosis" as a result of a moderate posterior disc bulge at L4-5 and soft tissue that encased the nerve root on the left L5. *Id*. at 190. Plaintiff followed up with Southern Colorado Family Medicine for his back pain in May and July 2009, and continued treatment there through January 2010. *Id.* at 223-32.

In January 2011, plaintiff began treatment with William Alexander, M.D., R. at 500, and appeared for a follow-up examination in February 2011. *Id.* at 499. In March 2011, plaintiff saw Dr. Alexander for a "followup [sic] evaluation for disability." *Id.* at

492. Dr. Alexander opined that plaintiff "should not lift, push, pull, or carry more than 25 pounds. On a consistent basis these activities should not exceed one pound, on a frequent basis up to five pounds, and on an occasional basis up to ten pounds." *Id.* at 493. Dr. Alexander further opined that plaintiff could sit, stand, and walk without restriction, and that he could bend no more than 10 minutes per hour. *Id.* Concerning plaintiff's ability to work, Dr. Alexander wrote that plaintiff "would generally fall into light activities," and that "the patient's highest level would be light category." *Id.*

Plaintiff argues that the ALJ's RFC determination that plaintiff was capable of performing light work was contradicted by Dr. Anderson's opinion. Docket No. 16 at 18. The difference between an RFC of light and sedentary work is crucial in this case. As plaintiff argues, as of his 50th birthday in October 2008, plaintiff was "closely approaching advanced age." 20 C.F.R. § 416.963(d). Given plaintiff's age, his educational background, and the fact that the ALJ found that plaintiff's past work did not give him transferrable skills, R. at 291, if plaintiff was found to have an RFC for sedentary work then the medical-vocational guidelines would direct a finding that he was disabled. 20 C.F.R. Pt. 404, subpt. P, App'x 2, Table 1.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b).

Dr. Alexander opined that plaintiff was limited to lifting 5 pounds frequently and 10 pounds only occasionally. R. at 493. The ALJ found that Dr. Alexander "provided a

credible report of the claimant's physical limitations" and gave his opinion great weight "as a whole." *Id.* at 255. However, the ALJ gave little weight to Dr. Alexander's opinion that plaintiff could lift 10 pounds only occasionally, citing "Dr. Alexander's repeated finding that the claimant could perform work in the light category." *Id.*

Defendant argues that the supposed contradiction in Dr. Alexander's opinion–stating that plaintiff could only lift ten pounds occasionally while also stating plaintiff could perform work in the light category–constituted a specific, legitimate reason for the ALJ to reject Dr. Alexander's opinion as to plaintiff's limitations. Docket No. 17 at 14 (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003)). The Court disagrees. "A finding that Plaintiff can only lift ten pounds occasionally means that Plaintiff *can not perform light work*." *Richardson v. Astrue*, 858 F. Supp. 2d 1162, 1171 (D. Colo. 2012) (emphasis added). The record contains no indication that Dr. Alexander's opinion that plaintiff was limited to "light activities" and that his "highest level would be light category" contradicts his opinion that plaintiff was capable of lifting ten pounds only occasionally. The ALJ appears to treat Dr. Alexander's notes as a legal conclusion regarding plaintiff's RFC. But an "RFC is an administrative term of art referring to what claimants can still do in a work setting despite their physical and/or mental limitations caused by their impairments and any related symptoms." *Thomas v. Astrue*, 2012 WL 5364275 at *2 (N.D.N.Y. Sept. 19, 2012). "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir. 2004). There is no indication that Dr. Alexander's references to "light activities" and the "light category" were intended to

encapsulate all of the requirements of the regulatory definition of the term "light work." Given Dr. Alexander's specific, unequivocal opinion that plaintiff was limited to lifting 10 pounds only occasionally, the ALJ erred in treating these references as contradictions.[2]

Defendant argues that even if the ALJ's decision to discount Dr. Alexander's opinion was error, that error was harmless because "the jobs identified by the vocational expert do not require lifting inconsistent with the doctor's opinion." Docket No. 17 at 15. Instead, defendant argues, the listed jobs are categorized as light work primarily because of their demands for standing and walking. *Id.* Defendant is incorrect. The VE identified three jobs that plaintiff was capable of performing: assembler, small products, Dictionary of Occupational Titles ("DOT") 706.684-022, gate guard, DOT 372.667-030, and security guard, DOT 372.667-034. R. at 292. Each of these jobs, according to the DOT, requires frequent lifting of 10 pounds. *See* DOT 706.684-022 ("Light Work - Exerting up to 20 pounds of force occasionally . . . and/or *up to 10 pounds of force frequently*") (emphasis added); 372.667-030 (same); 372.667-034 (same). Although the VE testified, in response to a question from plaintiff's attorney, that the light work listing was primarily due to "standing and walking," R. at 294, the record shows no indication that the VE intended to deviate from the DOT. In fact, the record shows the opposite. The ALJ specifically asked if the jobs are "performed in this region in a manner generally compatible with their description in the DOT," and the VE answered that they were. *Id.* at 292. Moreover, the

---

[2]At the very least, Dr. Alexander's opinion regarding plaintiff's capacity to work is ambiguous, which triggered the ALJ's duty to seek further development of the record before rejecting that portion of his opinion. *See Fleetwood v. Barnhart*, 211 F. App'x 736, 741 (10th Cir. 2007) ("When evidence from the claimant's treating doctor(s) is inadequate to determine if the claimant is disabled, the Commissioner must contact the treating doctor(s) to determine if additional needed information is available").

VE indicated that to the extent the jobs he identified did not involve lifting consistent with the requirements of light work, they would be considered sedentary. *Id.* at 294.

Because the ALJ's RFC determination that plaintiff was capable of performing light work was based on selective adoption of the medical record, and that error was not harmless, remand is appropriate. The ALJ's reconsideration of Dr. Alexander's opinion (including resolving any ambiguity he finds) will provide the ALJ with the opportunity to reassess the totality of evidence supporting plaintiff's RFC. Therefore, the Court will not address plaintiff's arguments that the ALJ erred in determining that plaintiff was not credible and that plaintiff did not meet medical listings 1.04 or 1.02. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand").

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the March 18, 2013 decision of the Commissioner that plaintiff was not disabled is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

DATED March 27, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge